J-A16042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBIN ANN SLOPPY | : | |
| | : | |
| Appellant | : | No. 1638 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 28, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001784-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: August 11, 2026**

Robin Ann Sloppy ("Appellant") appeals from the judgment of sentence imposed following her jury trial conviction for violating 18 Pa.C.S. § 5901 ("Open Lewdness"),[1] defined as "do[ing] any lewd act" which the person "knows is likely to be observed by others who would be affronted or alarmed." Appellant, who lifted her shirt and showed her breasts during a dispute at a magistrate district judge's office, argues that the statute unconstitutionally discriminates on the basis of sex. We conclude that Appellant has failed to meet the threshold burden of establishing the statute discriminates on the basis of sex and therefore affirm.

The sole issue raised on appeal presents a pure question of law regarding the constitutionality of this statute. The basic facts provide context

---

[1] Appellant was also convicted of disorderly conduct, which she does not contest on appeal.

for Appellant's arguments, and we therefore briefly summarize the evidence presented. On April 29, 2024, Appellant visited the offices of Magistrate District Judge Edward Howe. Janice Young, an employee, testified that she knew Appellant from prior visits and that Appellant could be "agitated, aggressive, vulgar." N.T., 7/14/25, at 52. Young attempted to assist Appellant, and Appellant "decided to let me know that there are no laws stating that she has to wear clothing in public offices." *Id.* Appellant then began to use "vulgar language" towards another court employee, Kim Shillingburg. *Id.* Young asked Appellant to leave; Appellant replied that "she can do what she wants" and "lift[ed] her shirt" while stating "there are no laws stating that she has to be clothed." *Id.* at 53.

Appellant testified and admitted to arguing with the employees and that she lifted her shirt and showed her breasts. She explained her understanding that "the law in Ohio said it is legal for women to show breasts and underwear. It didn't say 'anywhere.' It didn't say you couldn't in buildings." *Id.* at 94. Appellant concluded that this was the law in Pennsylvania as well. *Id.* at 95. Appellant blamed Young for their argument, claiming that she "escalat[ed] as always," *id.*, and Appellant then decided to show her breasts. Appellant reiterated her belief that "it was legal in Pennsylvania to do so" and denied doing it for sexual reasons. *Id.* at 102.

The jury convicted Appellant of both charges, and the trial court sentenced Appellant on August 28, 2025, to six months of probation. On September 10, 2025, Appellant requested leave to file post-sentence motions

*nunc pro tunc*, which the trial court granted. Appellant thereafter filed a post-sentence motion "rais[ing] the issue that ... 18 Pa.C.S. [§] 5901 violates the equal protection clause under Article 1[,] Section 28 of the Pennsylvania Constitution as well as the 14th Amendment of the United States Constitution." Post-Sentence Motion *Nunc Pro Tunc*, 9/10/25, at ¶ 4. Following a hearing, the trial court denied the motion. **See** Post-Sentence Opinion, 12/5/25.

Appellant filed a timely notice of appeal[2] and raises one issue for our review: "Whether the appellant['']s conviction should be reversed as a gender base[d] violatoin [*sic*] of her equal rights as guaranteed under Article 1, Section 28 of the Pennsylvania Constitu[t]ion and the 14[th] amendment of the United States Constitution?" Appellant's Brief at 7 (some formatting altered).

Appellant asserts that Section 5901 "creates a sex-based distinction" and is therefore "presumptively unconstitutional." Appellant's Brief at 9, 10. This "constitutional challenge is a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Muhammad**, 241 A.3d 1149, 1154 (Pa. Super. 2020).[3]

---

[2] The trial court did not order Appellant to file a Rule 1925(b) concise statement and filed a Rule 1925(a) opinion incorporating its December 5, 2025, post-sentence opinion. Trial Court Opinion, 1/5/26, at 1.

[3] Appellant would typically bear the "heavy burden to demonstrate that the law clearly, palpably, and plainly violates the constitution." **Commonwealth**
*(Footnote Continued Next Page)*

As a prefatory matter, we note that while Appellant raises one issue, her argument section is divided into two parts corresponding to distinct provisions of the United States and Pennsylvania constitutions. Appellant's federal challenge arises under the Equal Protection Clause of the Fourteenth Amendment. U.S. Const. amend. XIV ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."). The United States Supreme Court "subject[s] laws containing sex-based classifications to intermediate scrutiny, under which the State must show that the classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *United States v. Skrmetti*, 605 U.S. 495, 510 (2025) (quotation marks and citation omitted).

Appellant's Pennsylvania claim arises under the Equal Rights Amendment, which states: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pa. Const. art. I, § 28. In *Allegheny Reproductive Health Center v. DHS*, 309 A.3d 808, 947 (Pa. 2024), a majority of the Court held that, under this amendment, "a sex-based distinction is presumptively unconstitutional, and it is the government's burden to rebut the presumption with evidence of a compelling state interest in creating the classification and

_____

*v. Randolph*, 343 A.3d 1248, 1251 (Pa. Super. 2025) (quotation marks and citation omitted). As discussed in the body of this memorandum, Appellant maintains that the burden has shifted to the Commonwealth on the grounds the statute discriminates on the basis of sex.

- 4 -

that no less intrusive methods are available to support the expressed policy." The heightened inquiry[4] applied under our constitution is more favorable to Appellant, and thus our analysis of her first issue is dispositive.

Appellant argues that there "is no compelling state interest for the sex-based" distinction that she perceives to be reflected in the Open Lewdness statute. Appellant's Brief at 18. Appellant views the statute as codifying a "supposition that the sight of an uncovered woman's breast invokes a higher level of sexual stimulation than the viewing of a man's uncovered breast." *Id.* at 24. She argues this "belief is completely devoid of scientific support and … cannot support a compelling state interest." *Id.* Appellant concludes that "any expressed policy regarding the public uncovering of the female breast could be supported by less intrusive methods." *Id.* at 27.

Appellant's brief is largely devoted to application of the heightened scrutiny for sex-based classifications set forth in *Allegheny Reproductive*, which entails the concomitant shifting of the burden to the Commonwealth. However, those principles apply only if the statute creates a sex-based distinction. We agree with the Commonwealth that the statute "does not create any classification, either facially or in effect, and so defendant's equal protection challenge necessarily fails at this threshold question." Commonwealth's Brief at 4.

_____

[4] Justice Wecht noted that "the Majority does not designate its approach as strict scrutiny," and opined that "the searching judicial inquiry that it articulates [is] just that." *Allegheny Reproductive*, 309 A.3d at 977 (Pa. 2024) (Wecht, J., concurring).

- 5 -

The statutory text reads: "A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed."  18 Pa.C.S. § 5901.[5]  Thus, the statute facially applies to men and women alike and does not discriminate on the basis of sex.  By way of comparison, Appellant cites two federal cases in her discussion of the Fourteenth Amendment.  In *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 795 (10th Cir. 2019), the challenged ordinance stated that "No female who is ten (10) years of age or older shall knowingly appear in any public place with her breast exposed below the top of the areola and nipple while located" in certain defined areas, subject to an exception for breastfeeding.  This ordinance, which by definition did not apply to males, therefore facially discriminated on the basis of sex.  Similarly, in *Eline v. Town of Ocean City, Maryland*, 7 F.4th 214, 216 (4th Cir. 2021), a city enacted an ordinance "prohibit[ing] only women from publicly showing their bare breasts" while allowing males to go bare-chested.

Appellant concedes the facial neutrality in terms of the plain text.  "On its face, the Open Lewdness statute appears … neutral[.]"  Appellant's Brief at 10.  She argues that its "application … as it pertains to the human breast" creates a sex-based distinction, in that the statute can be read to say that

---

[5] "Words used in the masculine gender shall include the feminine and neuter." 1 Pa.C.S. § 1902.

"[t]he breast of a female is inherently lewd while the breast of a male is not." *Id.* at 11.

We accept that Appellant could show a sex-based classification based on something other than the statutory text, such as a disparate impact in its application. Here, Appellant's attempt to show that the statute is discriminatory on the basis of sex in its application appears to be based on a presumption that a male cannot—or would not—be prosecuted for baring his chest and/or nipples. We find Appellant's argument in this regard to be without merit.

We begin by discussing the acts to which the statute applies. In *Commonwealth v. Berrios*, 297 A.3d 798, 803 (Pa. Super. 2023), Berrios parked opposite a county jail where her boyfriend was incarcerated. The two conversed on a recorded line and "began a sexual conversation, while Berrios climbed on the hood of her car." *Id.* at 802. A guard performing a perimeter check saw Berrios exposing both of her breasts. *Id.* Berrios was convicted of Open Lewdness; on appeal, she argued that the evidence was insufficient to convict because "the exposing of the female breasts in public is not lewd." *Id.* at 803. We acknowledged that there "are certainly circumstances where that statement is true," and cited as an example the Freedom to Breastfeed Act, which states that "breastfeeding shall not be considered … Open lewdness as defined in [Section] 5901[.]" 35 P.S. § 636.4(2). "The enactment of such an exception strongly indicates a legislative intent that the exposure of the female breast, and the nipple with which one breastfeeds, falls within the scope of

the conduct that Section 5901 of the Crimes Code forbids." ***Berrios***, 297 A.3d at 803*.* Continuing, we stated:

> Under the Pennsylvania Rules of Statutory Construction, we may not interpret 18 Pa.C.S.A. § 5901 so narrowly as to render 35 P.S. § 636.4(2) meaningless, because "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Given that the legislature enacted 35 P.S. § 636.4(2) specifically to exclude the exposure of the nipple for breastfeeding from criminality under 18 Pa.C.S.A. § 5901, we infer that the General Assembly intended the exposure of the nipple to constitute open lewdness, **at least in certain circumstances**.

***Id.*** (emphasis added).

Notably, Appellant quotes this same passage but substitutes an ellipsis for the emphasized language. ***See*** Appellant's Brief at 13. She then observes there is no statutory enactment for males "regarding the exposure of the male breast and nipple in Pennsylvania," which, in her view, signals that the General Assembly did not intend for the Open Lewdness statute to criminalize a male exposing his breasts and/or nipples. Along these lines, Appellant recognizes that the text does not mandate this result and "one could choose to argue that … ***Berrios*** sets forth a gender-neutral prohibition against the exposure of the breast and nipple regardless of sex of individual," ***id.***, but nonetheless discounts that interpretation "in light of the legislature's definition of nudity under the obscenity statute." ***Id.*** at 13-14. ***See*** 18 Pa.C.S. § 5903 (defining "nudity" as "showing the human male or female genitals, pubic area or buttocks with less than a fully opaque covering, or showing the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple"). Appellant reasons that because this statutory definition of "nude"

does not reference the male breast or nipples, we should conclude that the General Assembly did not "intend[] the Open Lewdness statute to include as lewd the exposure of the actual male breast or nipple in public." Appellant's Brief at 14. As we understand Appellant's argument, she submits that the General Assembly intended the Open Lewdness statute to apply only to females with respect to the specific act of exposing breasts and/or nipples, thus creating a sex-based classification that is presumptively unconstitutional.

We do not agree that ***Berrios***, the lack of any statutory pronouncement exempting male breasts and/or nipples from the reach of the Open Lewdness statute, or the General Assembly's definition of "nude" in Section 5903 either independently or jointly establish that the Open Lewdness statute discriminates on the basis of sex. Unlike Section 5903, the Open Lewdness statute does not mention nudity or any specific body part. It merely criminalizes "lewd" acts, and Appellant's omission of the language "at least in certain circumstances" from ***Berrios*** is telling because the Court went on to conclude that Berrios' conduct "was overtly sexual in nature." ***Berrios***, 297 A.3d at 804. Thus, contrary to Appellant's assumption, ***Berrios*** does not hold that displaying the female breast is a "lewd" act *per se*. ***But see*** Appellant's Brief at 10-11 ("[T]he application of the Open Lewdness statute as it pertains to the human breast can be characterized as follows: The breast of a female is inherently lewd while the breast of a male is not."). In ***Berrios***, we held that the "clear purpose of Berrios displaying her breasts to the jail was to stimulate [her boyfriend's] lustful interests." ***Id.*** Nothing about the statute

or our interpretations of its reach[6] indicates that a male who performed a "lewd act" by stimulating another's "lustful interests" by exposing his breasts and/or nipples would not be guilty of the same crime.[7]  We therefore conclude that Appellant has failed to show the statute discriminates on the basis of sex.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/11/2026

---

[6] Appellant's argument implies that caselaw interpreting the reach of a statute is relevant to determining whether an otherwise-neutral statute has a discriminatory effect.  Due to our resolution, we need not decide whether that assumption is correct.

[7] While Appellant insists that her conviction for Open Lewdness was simply because she "uncover[ed] her breasts and expos[ed] her nipples in the waiting room of Magisterial District Howe," Appellant's Brief at 16, she did not argue that mere nudity in a public place does not qualify as "lewd" behavior or that the Commonwealth's evidence was insufficient to prove that element.